PEOPLE, PLAINTIFF AND APPELLEE, *v.* VÁZQUEZ, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in a Prosecution for Involuntary Manslaughter.

No. 2151.—Decided May 26, 1924.

MANSLAUGHTER—EVIDENCE.—The motorman of an electric street railway car was charged with involuntary manslaughter in that he was negligent in not having halted his car at a place which was alleged to be an obligatory stop, in not having rung a warning bell and in having run his car at full speed at the said stop. *Held:* That as it was shown that the stop was not an obligatory one; that as it was not proved conclusively that the defendant failed to ring the bell, and that as it appeared that the place where the accident occurred was not urbanized and there were no other legal reasons for stopping or reducing speed, both the verdict and the judgment of conviction were contrary to the evidence.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *C. Ruiz Nazario* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

While there are several assignments of error there is one we are satisfied should cause a reversal under any aspect of the pleadings and proof, namely, that the verdict and judgment are contrary to the evidence. We shall discuss this assignment.

The information was one for involuntary manslaughter presented against the defendant, the driver of an electric street railway car, inasmuch as in effect he was charged collectively or disjunctively with negligence, first in not having halted his car at stop 28 which was alleged to be an obligatory stop, second, in not having rung a warning bell and third, as enlarged or perhaps to be understood by a bill of particulars, in having run his car too rapidly at the particular spot where the accident occurred.

At the trial it was conclusively shown and accepted by the court in its instructions that stop 28 where the accident occurred was not an obligatory one, so that alleged averment of negligence the jury had no right to consider as the law was presented to them.

The evidence of the government's witnesses was not satisfactory as to the failure of defendant to ring a bell. None of them testified positively to such a failure to sound a bell and one of them testified that the sound could not be heard because of the noise of the jitney present. The court instructed the jury as to this unsatisfactory state of the evidence and we do not find that the government made out a sufficient case in this regard. Any doubt on this point, we think, should be dissipated by the analysis of the further or third charge of negligence.

The deceased traveled from San Juan to stop 28 in a jitney. On arriving there, the gist of the evidence is, he went to the rear or, according to some witnesses, to the front of the jitney, took therefrom his satchel and apparently without a glance in either direction crossed in front

of the car which was going at full speed. One witness said the deceased was looking down.

Stop 28, the evidence tends to show, is a nonurban spot wherein, in the absence of a legal reason for stopping or abating its velocity, the car has a right to run at full speed. *Olavarría* v. *Porto Rico Railway, Light & Power Company,* 26 P.R.R., p. 584; *Morales* v. *Porto Rico Railway, Light & Power Company,* 27 P.R.R., p. 704. The reason for slowing down or stopping, among others, may be the present condition of things in plain view, like a crowd of persons or vehicles, or the presence of a person on the track.

With respect to the presence of a person at or near the track the evidence is clear that the motorman did not see the deceased or any position of peril on the latter's part until it was too late to stop. No negligence for failure to observe the track could arise in this case.

Given the fact that the car has a right to run at full speed at stop 28, the likelihood or possibility of anybody's crossing the track should be fairly apparent or within the accustomed experience of a motorman at that spot. Such an experience or such a duty the Government failed to show.

In the case of *Vidal* v. *Porto Rico Railway, Light & Power Company,* 32 P.R.R. 707, we pointed out that a particular spot, even on the right of way of a railway company, may be so used or traversed by the public as to increase the burden of care on the motorman, but the evidence does not satisfy us that stop 28 was such a spot. One witness said that the place was apt to be crowded at train time, but there was no evidence of the existence of such a crowd at the time of the accident. Not even the danger of people desiring to get on or get off at this particular spot was shown. There is no showing that jitneys always stopped in a particular way or at a particular spot from which peril was to be apprehended. We have no hesitation in saying that there was no evidence to submit to the jury;

no evidence from which the jury had a right to infer that the defendant had been guilty of any infraction of duty that the state of the law imposes on him.

We have given this discussion perhaps a wider range than the state of the pleadings really justifies. The defendant asked for a bill of particulars and the motion was granted. With regard to this third charge that we have been considering, the bill of particulars said:

"3.—That the motorman passed at the greatest speed, notwithstanding that the stop was obligatory and at a stop of public traffic through which stop the deceased, as any other citizen had a right to pass."

So that in reality the act of negligence charged was the failure to slow down by reason of the alleged obligatory nature of stop 28. The case as shown by the examination of the witnesses was an attempt to show the obligatory nature of the stop. No general duty by reason of the special circumstances was set up in the bill of particulars.

Appellant assigned error because of the insufficiency of the information following the general words of the statute. We have considered these matters in *People* v. *Parkhurst,* 29 P.R.R. p. 856, and *People* v. *Piñero,* 31 P.R.R. 1. Furthermore, the bill of particulars made the information more ample and the deficiencies of this bill we think are matters that could be cured by verdict. That the evidence did not tend to support the information as amplified, is our real reason for reversal.

Appellant raises the question of the jurisdiction of the court by reason of the alleged validity of the Act No. 41 of 1921 and hence of the jurisdiction of the District Court of San Juan, Second District. The majority has sustained the sufficiency of this act in *Toro et al.* v. *District Court,* 30 P.R.R. 501, and the cases following it. If that act was invalid it would seem that the District Court, Second Section, had jurisdiction of the offense by reason of the former con-

stitution of that court. In any event, as we are ordering an acquittal no great consideration of the matter is necessary.

The judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.